IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NORBERT A. SCHUELLER,**

    Plaintiff,

v.                                                                       Civ. No. 11-779 RHS/ACT

**GENERAL ELECTRIC COMPANY**
[by & through its operating division,
**GENERAL ELECTRIC CAPITAL,**
both d.b.a "**GE MONEY**"];
**CHEVRON CORPORATION** [a.k.a.
**CHEVRON U.S.A., INC.,** a.k.a.
**STANDARD OIL OF CALIFORNIA**]; and
**J.C. PENNEY CORPORATION, INC.,**

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

    Pro Se Plaintiff Norbert Schueller filed a Complaint for Damages (Doc. 1) on September 1, 2011.  He alleged four causes of action:  (1) invasion of privacy, (2) intentional infliction of emotional distress, (3) intentional interference with contractual relations, and (4) violations of the Fair Credit Reporting Act.  Defendants moved to dismiss all four claims (Doc. 4) on October 20, 2011.  After reviewing Plaintiff's Complaint (Doc. 1), Defendants' Motion to Dismiss (Doc. 4), Plaintiff's Objection to Defendants' Motion to Dismiss, Request for Summary Denial Thereof and Affidavit In Support of Request (Doc. 8), Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 9), and Defendants' Reply in Support of Their Motion to Dismiss (Doc. 12), it is concluded that Defendants' Motion to Dismiss is meritorious and the motion will be GRANTED in part and DENIED in part as set forth herein.

## BACKGROUND

Around 1989, Mr. Schueller obtained Chevron and JCPenney credit cards (Compl. ¶ 9). In 2010, after dealing with a serious medical condition, he filed for Chapter 7 bankruptcy (Compl. ¶ 10). The Chevron and the JCPenney card accounts were in good standing (Compl. ¶ 10). After filing for bankruptcy, Mr. Schueller attempted to use the JCPenney card and learned that the account had been closed due to the bankruptcy (Compl. 11).

## STANDARD OF REVIEW

Defendants move for dismissal based on Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 129, S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). A complaint fails to state a claim when it makes conclusory allegations of liability without supporting factual content. See Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). A complaint must set forth sufficient facts to raise a plausible inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. 1955, 1965 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations omitted). Furthermore, while the court must accept all the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950.

## ANALYSIS

### 1.  Invasion of Privacy

Mr. Schueller asserts that Defendants invaded his personal privacy by "instigating some unwarranted investigation to find out about or to ascertain plaintiff's bankruptcy solely for the purposes of exploitation," and "by taking adverse action of closing plaintiff's Penney's and Chevron's credit cards, even though such were in good standing. . . " (Compl. 15).

In order to state a claim for invasion of privacy, Mr. Schueller must show that he had a privacy interest in what was allegedly invaded.  Alvarado v. KOB-TV, L.L.C, 493 F.3d 1210, 1217 (10th Cir. 2007).  However, Mr. Schueller has alleged that Defendants invaded into an area that is entirely public: bankruptcy filings.  The facts alleged in the Complaint, taken as true, do not state a claim for invasion of privacy.  This is because individuals who file a court case, such as Mr. Schueller filing for bankruptcy in the United States Bankruptcy Court, do not have any privacy in their public filings.  Court filings are public, not private, records.  According to the bankruptcy code, "the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107.  There is a presumption of public access.  In re Gitto Global Corp., 422 F.3d 1, 7 (1st Cir. 2005).  While there are exceptions, Mr. Schueller has not presented any information to suggest that his circumstances are within the exception.  This Court also takes judicial notice of the fact that these bankruptcy records are available online throughout the world and that court filings are regularly reported in public newspapers.  As a matter of commonsense, a plaintiff cannot state a claim for invasion of privacy when the matter allegedly invaded is not private.

Because Mr. Schueller's claim for invasion of privacy is based on Defendants' knowledge of public records, the claim for invasion of privacy must be dismissed as a matter of law.  Mr. Schueller has not stated a claim for invasion of privacy.

## 2. Intentional Infliction of Emotional Distress

Plaintiff's claim for intentional infliction of emotional distress arises from Defendants cancelling his JCPenney and Chevron credit cards due to his bankruptcy (Compl. 21). According to Mr. Schueller, Defendants "automatically, without notice, close any & all credit card accounts of a cardholder who files bankruptcy, whether or not there has been any negative activity on the account that is closed. This policy serves NO useful purpose: it is one of ill will, hatred, spite & evil intent" (Compl. 21). Mr. Schueller alleges that he has suffered physical, mental, emotional, psychological, financial, and spiritual injuries as a result of Defendants closing his credit accounts.

In order to state a claim for intentional infliction of emotional distress, a plaintiff must allege that "(1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress." Trujillo v. Northern Rio Arriba Elec. Co-op, Inc., 2002-NMSC-004, ¶ 25 (internal citations omitted); see also Uniform Jury Instruction 13-1628 NMRA. All four factors must be satisfied.

Mr. Schueller's claim has not satisfied the first factor because a business decision to close credit accounts of an individual who has filed bankruptcy does not rise to the level of extreme or outrageous. Defendants' brief summarizes examples of what is, and what is not, extreme and outrageous conduct. Gas explosions that kill a dozen people are in the category of extreme and outrageous (Baldonado v. El Paso Natural Gas Co., 2008-NMSC-005), as is repeated sexual harassment in the workplace that forces people to leave their jobs (Phifer v. Herbert, 115 N.M. 135, 848 P.2d 5 (Ct. App. 1993), Coates v. Wal-Mart Stores, Inc., 127 N.M. 47, 976 P.2d 999 (N.M. 1999). But being fired or yelled at in public by an employer are not in

the category of extreme and outrageous (Trujillo v. N. Rio Arriba Elec. Coop., 2002-NMSC-004, ¶¶ 27-28; Newberry v. Allied Stores, Inc., 108 N.M. 424, 432, 773 P.2d 1231, 1239 (1989)).

With these examples as a guide, it is clear that closing a credit card account does not constitute extreme and outrageous behavior, the first factor necessary to state a claim for intentional infliction of emotional distress. Because Mr. Schueller has not stated a claim for intentional infliction of emotional distress, this claim must be dismissed.

### 3. Intentional Interference with Contractual Relations

Mr. Schueller alleges that he had contractual relationships with JCPenney and Chevron because he had credit accounts with them, and that Defendant General Electric interfered with these contractual relationships when General Electric closed the JCPenney and Chevron accounts (Compl. ¶ 27-28).

As the New Mexico courts have previously stated, "Establishing tortious interference with contract is not easy." Ettenson v. Burke, 2001-NMCA-003, ¶ 14. To successfully state a claim for interference with contractual relations, a plaintiff must allege all five elements: (1) the Defendant had knowledge of the contract, (2) performance of the contract was refused, or in other words, the contract was breached, (3) the Defendant played and active and substantial part in causing the Plaintiff to lose the benefits of his contract, (4) Plaintiff suffered damages, and (5) the Defendant induced the breach without justification or privilege to do so. Id. at ¶ 14, citing to Wolf v. Perry, 65 N.M. 457, 461-62, 339 P.2d 679, 681-82 (1959). Additionally, the law requires that Defendant General Electric acted with improper motive or improper means. Martin v. Franklin Capital Corp., 2008-NMCA-152, ¶ 7.

The contract in question is essential to resolving the claim of intentional interference with contractual relations and therefore it cannot be adjudicated on a motion to dismiss where the Court reviews only the sufficiency of the pleadings. Therefore, this claim will not be dismissed

at this time.

### 4. Violations of the Fair Credit Reporting Act

Mr. Schueller alleges that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. He focuses on the permissible uses of consumer reports, a statutory provision which applies exclusively to consumer reporting agencies. § 1681b(a). The term consumer reporting agency is defined in statute. § 1681b(f). Mr. Schueller also concedes that none of the Defendants are consumer reporting agencies. Therefore, the statute does not apply to Defendants and Plaintiff cannot rely on this statute to maintain a claim against the Defendants.

## CONCLUSION

THEREFORE IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 4) is GRANTED with regard to (1) invasion of privacy, (2) intentional infliction of emotional distress, and (4) violations of the Fair Credit Reporting Act, and those claims are DISMISSED with prejudice. Defendants' Motion to Dismiss (Doc. 4) is DENIED at this time with regard to (3) intentional interference with contractual relations.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE